■ LENORE SIMON, Appellant, v EAGLE INSURANCE COMPANY et al., Respondents.—Judgment, Supreme Court, New York County, entered October 25, 1977, granting the motion and cross motion for summary judgment to the extent of declaring that neither defendant is obligated to indemnify the plaintiff for the balance of the judgment obtained against Corroy Service Co., Inc., unanimously reversed, on the law, to the extent of denying the motion and cross motion for summary judgment and vacating the declaration, without costs or disbursements. Lenore Simon was injured when her car was struck by a taxicab owned by Corroy Service Co., Inc., and driven by Isidore Rosenbloom. The taxicab was insured by Eagle Insurance Company

(Eagle) with policy limits of $10,000/$20,000. The complaint in this action contained an *ad damnum* clause in the sum of $250,000. Eagle wrote a letter to both Corroy and Rosenbloom stating that the amount demanded was in excess of the policy limits, and that they had a right to engage additional counsel. The possibility of personal liability for a judgment in excess of the policy limits was also noted. The action was commenced on June 7, 1975 and issue was joined on July 1, 1975. The selection of the jury preliminary to trial began on March 18, 1976, at which time counsel for Corroy (retained by Eagle) represented that there was no excess insurance coverage. On that same day, the claims manager for Eagle allegedly discovered, for the first time, that there was excess coverage through the Underwriters at Lloyds (Lloyds). Lloyds was kept posted during the course of the trial but refused to contribute towards a settlement. The jury verdict exceeded the insurance coverage afforded by Eagle. After demand was made upon Lloyds for payment, Lloyds disclaimed coverage. Lenore Simon then brought this lawsuit to declare that both Eagle and Lloyds should be liable for the full amount of the judgment. A motion and cross motion for summary judgment were made and Special Term granted the motion to the extent of declaring that neither insurer is obligated to make payment for the balance of the judgment obtained against Corroy. We would reverse. There are issues of fact warranting a plenary hearing, including the question of whether Lloyds gave timely notice of disclaimer; when Lloyds received notice of the claim; and whether Eagle improperly failed to notify Simon of the excess coverage when it became known to Eagle and after specific inquiry in that regard was made by Simon. Concur—Birns, J. P., Silverman, Evans, Lane and Yesawich, JJ.